UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL JOHN DENHAM,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>STU SHERMAN, et al.,<br><br>　　　　Defendants. | 1:19-cv-01176-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED**<br><br>**(ECF No. 11.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

**I.　BACKGROUND**

Paul John Denham ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On August 29, 2019, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)

On September 11, 2019, Plaintiff filed a motion for a preliminary injunction. (ECF No. 11.) On October 17, 2019, the court screened the Complaint under 28 U.S.C. § 1915A and issued an order dismissing the Complaint for violation of Rule 8(a) of the Federal Rules of Civil Procedure, with leave to amend. (ECF No. 13.)

Plaintiff's motion for preliminary injunction is now before the court.

1

## II. PRELIMINARY INJUNCTIVE RELIEF

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

### Discussion

Plaintiff seeks "an order to enjoin Defendant Stu Sherman, and his agents, servants, and employees, and all persons acting under, in concert with, or for him to (1) cease use of the SATF Facility E dining hall for the feeding of prisoners; and (2) to cease the storage of prisoner food trays directly under a damaged ceiling at the SATF Facility E dining hall." (ECF No. 11 at 2:4-7.)

In this case, there is no complaint on file in which the court has found cognizable claims. Therefore, at this stage of the proceedings, the court cannot opine that Plaintiff is likely to succeed on the merits of his claims. Furthermore, no defendants have yet appeared in this action and the court does not have jurisdiction to order injunctive relief which would require directing individuals not before the court to take action. Zepeda v. United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Therefore, Plaintiff's motion must be denied at this juncture. Plaintiff is not precluded from renewing the motion at a later stage of the proceedings.

## III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on September 11, 2019, be DENIED, without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __October 21, 2019__          __/s/ Gary S. Austin__
                                                      UNITED STATES MAGISTRATE JUDGE