UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL JOHN DENHAM,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>STU SHERMAN, *Warden*, et *al.*,<br><br>　　　　　　　Defendants. | No. 1:19-cv-01176-DAD-GSA (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER<br><br>(Doc. Nos. 21, 29) |

　　　　Plaintiff Paul John Denham is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On March 30, 2020, the assigned magistrate judge issued findings and recommendations, recommending that plaintiff's motion for a temporary restraining order be denied.  (Doc. No. 29.) The findings and recommendations were served on plaintiff and contained notice that objections were due within fourteen days of service.  (*Id.* at 3.)  After receiving an extension of time to do so, plaintiff filed timely objections on May 4, 2020. (Doc. Nos. 30, 31, 32.)

　　　　In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the findings and recommendations are

1

1  supported by the record and proper analysis.

2  In his objections, plaintiff argues that the court should consider his motion for a temporary
3  restraining order on the merits, given that his First Amended Complaint has been awaiting
4  screening by the magistrate judge for more than five months.  (Doc. No. 32 at 2.)  He also argues
5  that, irrespective of screening, the court can provide injunctive relief under the All Writs Act, 28
6  U.S.C. § 1651, or use its inherent power to inquire about his allegations of unsafe dining hall
7  conditions, violative of the Eighth Amendment, at his institution of confinement.  (*Id.* at 4–6.)

8  However, plaintiff also noted that, as of March 16, 2020, defendants ceased using the
9  dining hall that is the focus of plaintiff's allegations in order to promote social distancing in
10 response to the COVID-19 pandemic.  (*Id.* at 6 n.1.)  As a result, the dining hall in question is not
11 currently in use.  Thus, even if the court could provide injunctive relief here, plaintiff has not
12 shown that he "is likely to suffer irreparable harm in the absence of preliminary relief."  *Winter v.*
13 *Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

14 Accordingly:

15 1.  The findings and recommendations issued on March 30, 2020 (Doc. No. 29) are
16     adopted;
17 2.  Plaintiff's motion for a temporary restraining order (Doc. No. 21) is denied
18     without prejudice to refiling; and
19 3.  The matter is referred back to the assigned magistrate judge for screening of
20     plaintiff's first amended complaint, (Doc. No. 19), and for further proceedings.

21 IT IS SO ORDERED.

22 Dated:  **May 12, 2020**

23                                      UNITED STATES DISTRICT JUDGE